UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEOFFREY VARGA, as voluntary liquidator of Himelsein Mandel Offshore Limited,

                Plaintiff,

-v-

TELEIOS LS HOLDINGS DE, LLC, TELEIOS PF LOANS DE, LLC, and OAKTREE CAPITAL MANAGEMENT, L.P.,

                Defendants.

CIVIL ACTION NO.: 23 Civ. 1464 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiff's request for leave to obtain discovery from Defendant Oaktree Capital Management, L.P. ("Oaktree") prior to the entry of a case management plan. (ECF No. 25 (the "Request")). By way of background, on February 22, 2023, Plaintiff commenced this breach of contract action against Oaktree, Teleios LS Holdings DE, LLC ("Teleios LS"), and Teleios PF Loans DE, LLC (with Teleios LS, the "Teleios Entities"). (ECF No. 1). On April 25, 2023, Oaktree filed a motion to dismiss (the "Motion"), arguing, inter alia, that Oaktree was not a party to the contract at issue. (ECF Nos. 20–22). On May 9, 2023, Plaintiff filed the Request, arguing that it "is entitled to targeted and narrowly tailored discovery related to the successor liability and alter ego liability of Oaktree pending resolution of Oaktree's motion to dismiss." (ECF No. 25 at 1). Oaktree opposes the Request. (Id. at 3–5). On May 10, 2023, the Honorable Vernon S. Broderick referred this action for general pretrial supervision. (ECF No. 26). On May 16, 2023, Plaintiff requested a sine die adjournment of its deadline to oppose the Motion, "to allow it sufficient time to seek leave to amend the Complaint following resolution of the" Request.

(ECF No. 28).  On May 17, 2023, Judge Broderick granted Plaintiff's request and terminated the Motion "pending further application form the parties."  (ECF No. 29).

Between May 30, 2023 and June 16, 2023, the Court held three telephone conferences to discuss the Request.  (ECF Nos. 27; 30; 33; 36; see ECF min. entries May 30, 2023, June 7, 2023, & June 16, 2023).  At the May 30 conference, Oaktree "agreed to search for a limited set of documents showing the relationship between the Teleios [E]ntities and Oaktree and the interest, control, and authority that Oaktree had vis-à-vis the Teleios [E]ntities."  (ECF No. 34 at 4).  At the June 7 conference, Oaktree advised that it had located seven such documents, including "the operating agreements for the Teleios [Entities] . . . , an organizational structure chart showing ownership and membership interest, and an SEC filing that states that Oaktree had a controlling interest in the Teleios [E]ntities" (the "Documents"), and "agree[d] in the spirit of compromise to produce these [D]ocuments to plaintiff[.]"  (Id. at 4–5).  At the June 16 conference, Plaintiff indicated that the Documents did not resolve the Request, and argued that "there should be a modest supplement to the production."  (ECF No. 42 at 4; see id. at 15 ("[I]t's [Plaintiff's] position that [Plaintiff] should be getting some modest supplementation before we file an amended complaint so that we're not just back before Your Honor after we file the amended complaint, and then they move to dismiss and we say we should be having this discovery.")).  Following the June 16 conference, Oaktree submitted the Documents to the Court for in camera review.  (ECF No. 36).

Having reviewed the Documents, and for the reasons stated at the telephone conference (the "Conference") held Friday, July 7, 2023, Plaintiff's Request for further discovery prior to the entry of a case management plan is DENIED.  While Plaintiff argues that additional discovery is

necessary for an amended complaint, "[a] plaintiff does not have a right to engage in early discovery in order to bolster his arguments at the motion to dismiss stage." Greer v. Fox Corp., No. 20 Civ. 5484 (LTS) (SDA), 2022 WL 4093155, at *6 (S.D.N.Y. Sept. 7, 2022).  Accordingly, the Court orders as follows:

1. By **July 21, 2023**, Plaintiff shall provide Oaktree with a copy of Plaintiff's proposed first amended complaint (the "PFAC").

2. By **July 28, 2023**, Oaktree shall advise Plaintiff whether Oaktree consents to the filing of the PFAC.  Any such consent shall be without prejudice to Oaktree's right to seek dismissal of the PFAC pursuant to Federal Rules of Civil Procedure 12(b) or 12(c).

3. By **August 4, 2023**, Plaintiff shall file the PFAC and either (i) a stipulation stating Oaktree's consent to the filing of the PFAC or (ii) a motion for leave to file the PFAC.

4. The parties shall promptly order the transcript of the Conference.

Dated:     New York, New York
           July 11, 2023                        SO ORDERED.

                                                _____
                                                **SARAH L. CAVE**
                                                **United States Magistrate Judge**