**APPLICATION GRANTED**
**SO ORDERED** /s/ Vernon S. Broderick
**VERNON S. BRODERICK**
**U.S.D.J.**   7/24/2023

The documents identified in this letter may be filed under seal on a provisional basis. By August 4, 2023, Oaktree shall file a letter indicating if it wishes to maintain these documents under seal or with redactions and if so, providing the grounds for this request. In making any such argument, I offer two reminders to parties. First, there is a strong presumption of public access to complaints under the First Amendment and federal common law. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141-44 (2d Cir. 2016). Second, courts in this District have routinely held that the mere existence of a confidentiality agreement is not sufficient grounds for sealing or redacting material, particularly in a complaint. *See, e.g., Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399, 416 (S.D.N.Y. 2019).

**LIN & STERN, LLP**
FOUNDED 1898

**VIA ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: ***John Ayres, as Voluntary Liquidator of Himelsein Mandel Offshore Limited v. Teleios LS Holdings DE, LLC, et al.***
    **Case No.: 23-cv-01464-VSB**

Dear Judge Broderick:

We represent the Plaintiff in the above-referenced action. We write pursuant to Your Honor's Individual Rules & Practices in Civil Cases to request leave to file certain documents under seal and leave to file certain documents in redacted form.

By way of background, pursuant to Judge Cave's Order dated July 11, 2023 (Dkt. No. 44), Plaintiff provided a copy of Plaintiff's proposed First Amended Complaint ("FAC") to counsel for Defendant Oaktree Capital Management, L.P. ("Oaktree") on July 21, 2023. Oaktree is required to inform Plaintiff by July 28, 2023 whether Oaktree will consent to the filing of the FAC or whether Plaintiff will be forced to file a motion for leave to file the FAC. *See* Dkt. No. 44. By August 4, 2023, Plaintiff shall file the FAC and either a stipulation confirming Oaktree's consent to the filing of the FAC or a motion for leave to file the FAC. *See id.*

As is relevant here, Plaintiff's proposed FAC references and includes as exhibits certain documents produced by Oaktree which Oaktree designated as confidential subject to the entry by the Court of an agreed-upon protective order. On July 11, 2023, upon receipt of these documents, Plaintiff's counsel met and conferred with Oaktree's counsel via email and requested that Oaktree de-designate these documents, which Oaktree refused to do.

As such, when Plaintiff files its FAC—either with a stipulation confirming Oaktree's consent to the filing or in connection with a motion for leave to file the FAC—Plaintiff seeks leave

McLAUGHLIN & STERN, LLP

Hon. Vernon S. Broderick
July 21, 2023
Page 2

to file certain exhibits under seal, and seeks leave to file Plaintiff's FAC in redacted form.[1] On July 21, 2023, when Plaintiff provided Oaktree with a copy of Plaintiff's proposed FAC, Plaintiff informed Oaktree of its intention to seek leave to file certain exhibits under seal and Plaintiff's FAC in redacted form and formally put Oaktree on notice that pursuant Rule 5(B)(iii)(a) of Your Honor's Individual Rules & Practices in Civil Cases, as the designating party, Oaktree would be required to file a letter explaining the need to seal or redact the documents. Plaintiff takes no position on whether the documents are deserving of a "confidential" designation under applicable law.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

*/s/ Jason S. Giaimo*
Jason S. Giaimo

cc:    All Counsel of Record (via ECF)

---

[1] Contemporaneously herewith, Plaintiff is filing under seal those documents it seeks leave to file under seal as exhibits to Plaintiff's proposed FAC, and is filing publicly Plaintiff's proposed FAC with the proposed redactions and is filing under seal Plaintiff's proposed FAC with the proposed redactions highlighted.