UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DECLAN MAGENNIS and ROBERT SHIFMAN,
AS VOLUNTARY LIQUIDATORS OF
HIMELSEIN MANDEL OFFSHORE LIMITED,

                Plaintiffs,

TELEIOS LS HOLDINGS DE, LLC, TELEIOS PF
LOANS DE, LLC, and OAKTREE CAPITAL
MANAGEMENT, L.P.,

                Defendants.

Civil Action No. 23-cv-01464-VSB-SLC

**CONFIDENTIALITY STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

**WHEREAS,** it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information,

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents provided in this action:

1.      Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") may designate any document or information, in whole or in part, as "Confidential" and subject to this Order (a) if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Information and documents designated by a party or non-party as Confidential will be stamped "CONFIDENTIAL."

2.      The parties and any non-party should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." Such a designation may be used for any document or information, in whole or in part, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Information and documents designated by a party or non-party as Attorneys' Eyes or Experts' Eyes Only will be stamped "ATTORNEYS' EYES ONLY."

3.      All Confidential and Attorneys' Eyes Only material will be held and used by the person receiving such information solely for use in connection with the action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 with respect to Confidential

material, or set forth in Paragraph 7 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.       In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Attorneys' Eyes Only Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Attorneys' Eyes Only Information.

5.       All documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

    b.    Outside consultants or experts retained by outside counsel for purposes of this action, to the extent deemed necessary by counsel, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing assigned to and necessary to assist in the litigation;

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    e.    Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or was employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

    f.    Stenographic and video reports engaged in proceedings incident to this action;

    g.    Vendors retained by or for the parties in assisting in pretrial discovery, trial and/or hearings, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

    h.    The parties.

6.        Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7.        All documents or information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

  a. Outside counsel;

  b. in-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

  c. Outside consultants or experts retained by outside counsel for purposes of this action, to the extent deemed necessary by counsel, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing assigned to and necessary to assist in the litigation;

  e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

  f. Any deponent may be shown or examined on any information, document, or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

  g. Stenographic and video reports engaged in proceedings incident to this action;

  h. Vendors retained by or for the parties in assisting in pretrial discovery, trial and/or hearings, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

  i. To such other persons as counsel for the producing party agrees or as ordered by the Court.

8.        Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 7. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9.        Prior to disclosing or displaying the Confidential Information to any person, counsel must (a) inform the person of the confidential nature of the information or documents; and (b) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose

other than this litigation and has enjoined the disclosure of the information or documents to any other person.

10.        Counsel for the parties shall make reasonable efforts to prevent the unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by the persons acknowledging their obligations under this Order for a period of one year after the termination of the case, including any appeals.

11.        Unless a party or non-party designates a deposition transcript as containing Attorneys' Eyes Only material at the time the deposition is taken or within 5 days thereafter, all deposition testimony shall be automatically treated as Confidential Information, and the parties and non-parties may have until thirty (30) days after receipt of the deposition transcript to inform all parties of record specifically which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties.  Thereafter, only those portions of the deposition testimony so designated shall be protected by the terms of this Order.

12.        The disclosure of a document or information without designating it as "Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  The producing party shall provide substitute copies bearing the corrected designation.  The receiving party shall return, certify the destruction of, or sequester the undesignated produced material.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

13.        A party challenging a Confidential Information designation must do so in good faith and must begin the process by conferring directly with the counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and if no chance in designation is offered, to explain the basis for its designation.  The designating party must respond to the challenge within five (5) business days.  If counselors are unable to resolve the dispute, the challenging party may seek resolution with the Court.  In connection with any challenge to a confidentiality designation, the designating party bears the burden of proving that such protection is necessary and appropriate.  Until the Court adjudicates the issue, the information or document shall be treated as originally designated.

14.        Discovery in this proceeding may involve a disclosure by a non-party of Confidential Information.  At the option of the non-party, such information may be produced subject to the provisions of this Stipulation and Order and, in such event, shall provide the non-party with all the rights and obligations of a party with respect to Confidential Information produced by such non-party in connection with the discovery and pre-trial phase of this action.  In the event a non-party discloses Confidential Information, any party may designate such disclosure as Confidential Information pursuant to this Stipulation and Order.

15.        Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.  Nothing herein shall preclude the producing party

from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

16. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

17. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, ESI, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. Nothing herein (a) restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, ESI, or thing that is subject to a claim of attorney-client privilege or work-product protection or (b) is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

18. Notwithstanding the designation of information as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

19. Nothing in this Confidentiality Order constitutes an admission by any party that Confidential or Attorneys' Eyes Only material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential or Attorneys' Eyes Only material at trial or in any other proceeding.

20. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. However, if a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

21. This Order and Stipulation shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

22.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

McLAUGHLIN & STERN LLP                           WINSTON & STRAWN LLP

By: */s/  Jason S. Giaimo*_____                By: */s/  John E. Schreiber*_____
    Jason S. Giaimo, Esq.                            John E. Schreiber
260 Madison Avenue                               200 Park Avenue
New York, New York 10016                         New York, New York 10166
Tel.: (212) 448-1100                             Tel.: (212) 294-6850
*Attorneys for Plaintiff*                        *Attorneys for Defendant Oaktree Capital*
                                                 *Management, L.P.*

Dated: New York, New York
       ___May 13___, 2026

                                                 SO ORDERED.

                                                 _____

                                                 SARAH L. CAVE
                                                 United States Magistrate Judge

# Exhibit A

<u>Agreement</u>

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Magennis v. Teleios LS Holdings DE, LLC, et al.*, Case No. 23-CV-1464-VSB-SLC, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)